# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| SPECIAL COUNSEL<br>EX REL. MICHAEL MCCORD,<br>　　　　　Petitioner,<br><br>　　　　v.<br><br>FEDERAL MINE SAFETY AND<br>　HEALTH REVIEW COMMISSON,<br>　　　　　Agency. | DOCKET NUMBER<br>CB-1208-22-0017-U-2<br><br><br>DATE: September 28, 2022 |

## THIS STAY ORDER IS NONPRECEDENTIAL[1]

Elizabeth Q. McMurray, Esquire and Shoshana S. Elon, Esquire,
　Washington, D.C., for the petitioner.

Ariel E. Solomon, Esquire, Washington, D.C., for the relator.

Pollyanna Hampton, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

**ORDER ON STAY EXTENSION REQUEST**

¶1    Pursuant to 5 U.S.C. § 1214(b)(1)(B), the Office of Special Counsel (OSC) requests a 60-day extension of the previously granted stay of the Federal Mine Safety and Health Review Commission's (the agency's) removal while OSC completes its investigation and legal review of the matter and determines whether to seek corrective action.  For the reasons discussed below, OSC's request is GRANTED.

## BACKGROUND

¶2    On August 15, 2022, OSC requested a 45-day initial stay of the removal of Mr. McCord based on misconduct charges.  *Special Counsel ex rel. Michael McCord v. Federal Mine Safety and Health Review Commission*, MSPB Docket No. CB-1208-22-0017-U-1, Stay Request File, Tab 1.  In its initial stay request, OSC argued that it had reasonable grounds to believe that the agency's action was in retaliation for Mr. McCord's activity that was protected by 5 U.S.C. §§ 2302(b)(8) and (b)(9).  *Id.*  On August 18, 2022, OSC's initial stay request was granted through and including October 1, 2022.  *Special Counsel ex rel. Michael McCord v. Federal Mine Safety and Health Review Commission*, MSPB Docket No. CB-1208-22-0017-U-1, Order on Stay Request (Aug. 18, 2022).

¶3    On September 14, 2022, OSC timely filed a request to extend the stay for an additional 60 days.  *Special Counsel ex rel. Michael McCord v. Federal Mine Safety and Health Review Commission*, MSPB Docket No. CB-1208-22-0017-U-2, Stay Request File (U-2 SRF), Tab 1.  The agency has not filed a response.

## ANALYSIS

¶4    A stay granted pursuant to 5 U.S.C. § 1214(b)(1) is issued to maintain the status quo ante while OSC and the agency involved resolve the disputed matter. *Special Counsel v. Department of Transportation*, 74 M.S.P.R. 155, 157 (1997). The purpose of the stay is to minimize the consequences of an alleged prohibited

personnel practice. *Id.* In evaluating a request for an extension of a stay, the Board will review the record in the light most favorable to OSC and will grant a stay extension request if OSC's prohibited personnel practice claim is not clearly unreasonable. *Id.* at 158. The Board may grant the extension for any period that it considers appropriate. 5 U.S.C. § 1214(b)(1)(B); *Special Counsel ex rel. Waddell v. Department of Justice*, 105 M.S.P.R. 208, ¶ 3 (2007).

¶5      In its stay extension request, OSC asserts that it continues to have reasonable grounds to believe that Mr. McCord's removal constitutes prohibited personnel practices pursuant to 5 U.S.C. §§ 2302(b)(8) and (b)(9), and it states that its investigation is ongoing. U-2 SRF, Tab 1 at 4. OSC states that it has "conducted upwards of two dozen witness interviews and reviewed voluminous documentary evidence," including agency records provided in response to its request for records and information. *Id.* Since the Board ordered the initial stay, OSC has received additional records from the agency and is seeking to obtain from the agency a password for "what appears to be a highly-relevant password-protected document." *Id.* OSC requests additional time to complete its review of the information provided, schedule and conduct any additional necessary witness interviews, issue any additional requests for information, and decide on further action depending on how the evidentiary record develops. *Id.*

¶6      Viewing the record in the light most favorable to OSC and considering the fact that the evidentiary record supporting OSC's initial stay request does not appear to have changed materially since the initial stay was granted, an extension of the stay is not clearly unreasonable to allow OSC time to continue its investigation, attempt a resolution of this matter and, if necessary, pursue corrective action before the Board. *Special Counsel v. Small Business Administration*, 73 M.S.P.R. 12, 13-14 (1997).

¶7      Finally, a separate determination must be made on the length of the requested stay. *Waddell*, 105 M.S.P.R. 208, ¶ 5. It is the intent of Congress that stays not be extended for prolonged periods of time. *Special Counsel v.*

*Department of the Treasury*, [71 M.S.P.R. 419](), 421 (1996).  Moreover, the Board is obligated to press OSC to present corrective action cases in a timely manner. *Id*. at 422.  In light of these factors, we find that a 60-day extension of the stay is warranted, and we therefore grant OSC's request.

## ORDER

¶8        Pursuant to [5 U.S.C. § 1214](b)(1)(B), a 60-day extension of the stay is hereby GRANTED, and it is ORDERED as follows:

(1)    The stay issued on August 18, 2022, is extended through and including November 30, 2022, on the terms and conditions set forth in that Order;

(2)    The agency shall not effect any changes in Mr. McCord's duties or responsibilities that are inconsistent with his salary or grade level, or impose upon him any requirement which is not required of other employees of comparable position, salary, or grade level;

(3)    Within 5 working days of this Order, the agency shall submit evidence to the Clerk of the Board showing that it has complied with this Order;

(4)    Any request for a further extension of this stay pursuant to [5 U.S.C. § 1214](b)(1)(B), as amended by Pub. L. No. 115-42,[2] and [5 C.F.R. § 1201.136](b) must be received by the Clerk of the Board and the agency, together with any further evidentiary support, on or before November 15, 2022; and

---

[2] As passed by the House of Representatives on May 25, 2017, passed by the Senate on June 14, 2017, and signed into law on June 27, 2017.

(5)    Any comments on such a request that the agency wants the Board to consider pursuant to 5 U.S.C. § 1214(b)(1)(C) and 5 C.F.R. § 1201.136(b) must be received by the Clerk of the Board on or before November 22, 2022.


FOR THE BOARD:                           /s/ for

                                             Jennifer Everling
                                             Acting Clerk of the Board

Washington, D.C.